# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MILADIN MIKE RADOVICH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-236-TLS |
| ) | |
| COUNTY OF LAKE, INDIANA, ) | |
| LAKE COUNTY SHERIFF'S DEPARTMENT, ) | |
| SHERIFF ROGELIO DOMINGUEZ, ) | |
| LAKE COUNTY SHERIFF'S MERIT BOARD, ) | |
| and CHIEF MARCO KUYACHICH, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Joint Motion for Summary Judgment [ECF No. 40], filed on May 21, 2010. The Defendants seek summary judgment on the Plaintiff's 42 U.S.C. § 1983 claim. Also before the Court is the Defendants' Joint Motion to Strike Inadmissible Evidence [ECF No. 47], filed on August 23, 2010. For the reasons stated below, the Court will deny the Defendants' Motion to Strike and grant its Motion for Summary Judgment .

**PROCEDURAL BACKGROUND**

The Plaintiff, who is proceeding pro se in this case, filed his Complaint on July 13, 2007, seeking redress for multiple alleged wrongs surrounding his termination from the Lake County Sheriff's Department including violations of federal constitutional law and various state laws as grounds for his 42 U.S.C. § 1983 claim. The Defendants filed their Joint Motion for Summary Judgment along with their Memorandum in Support on May 21, 2010. The Defendants attached multiple evidentiary exhibits to their Memorandum in Support, including charges, transcripts,

rulings, and other exhibits related to the Plaintiff's merit board case and subsequent appeal. The Plaintiff filed his Response on August 9. The Plaintiff's response included multiple evidentiary exhibits also related to his merit board case and subsequent appeal. The Defendants filed their Joint Reply, Joint Motion to Strike Inadmissible Evidence, and Joint Memorandum in Support of their Motion to Strike.[1] These Motions are now fully briefed and ripe for ruling.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608-09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in Rule 56—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If appropriate, summary judgment should be entered against a party who fails to respond in accordance with the rule. *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine

---

[1] The Plaintiff did not respond to the Defendants' Joint Motion to Strike, and the time for filing a response has passed.

2

whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record, only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989). Although pro se pleadings are given liberal construction, procedural rules and requirements apply to pro se cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001) ("The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable. However, a lawsuit is not a game of hunt the peanut.").

## FACTUAL BACKGROUND

The basic chronology of events from the Plaintiff's hiring to his filing of this suit are undisputed.[2] On May 17, 1997, the Lake County Sheriff's Department hired the Plaintiff as a police officer. In 2002–2003, the Plaintiff was politically active in local and union politics. In October 2003, the sheriff's department initiated an internal investigation after a heated conversation between the Plaintiff and Defendant Chief Kuyachich. In November 2003, the sheriff's department reassigned the Plaintiff to the radio room.

The first merit board proceeding (2003-01) started on December 19, 2003, when Defendant Dominguez filed disciplinary charges against the Plaintiff, in relation to the October

---

[2] In his Response, the Plaintiff has stated that he "concurs to the time line created in Defendant's exhibits but denies all alleged charges." (ECF No. 46-1 at 2.)

2003 incident between the Plaintiff and Defendant Chief Kuyachich. The Plaintiff sought review of this merit board proceeding on the basis that it violated the Indiana Open Door law, and the Lake Superior Court dismissed the Plaintiff's case without prejudice in case number 45D10-0403-PL-00033. Counsel represented the Plaintiff in these proceedings.

The second merit board proceeding (2004-02) started on June 28, 2004, when Defendant Dominguez filed charges against the Plaintiff for alleged misconduct in June 2004. The alleged misconduct included verbal altercations with the sheriff, attempts to bribe and harassment of a telecommunications employee, harassment of another telecommunications employee, and confrontation of a fellow officer. Again, counsel represented the Plaintiff in these proceedings. The Plaintiff entered a guilty plea on June 24, 2005, on the charge of conduct unbecoming an officer. On July 14, 2005, the merit board found the Plaintiff guilty on all charges and ordered his employment terminated. The Plaintiff appealed this merit board determination to the Lake County Circuit Court in case number 45C01-0508-MI-00101.[3] On April 4, 2008, the Lake County Circuit Court affirmed the merit board's determination. The Plaintiff appealed this ruling on May 2, 2008, to the Indiana Court of Appeals under case number 45A03-0806-CV-327. On July 25, 2008, the Indiana Court of Appeals dismissed the Plaintiff's appeal with prejudice for failure to prosecute.

---

[3] This case was later redocketed as case number 45D05-0510-MI-00056.

DISCUSSION

A. **Motion to Strike**

In their Motion to Strike, the Defendants argue that the Court should strike Exhibits 1-14 submitted by the Plaintiff because he failed to properly serve the Defendants. The Defendant also asks the Court to strike parts of Exhibit 15 because it contains unauthenticated assertions, inadmissible hearsay, and irrelevant conclusory or self-serving statements, and because it fails to comply with the Local Rules.

At the summary judgment stage in litigation, the Court may rely on all admissible evidence, even if the evidence is not presented in admissible form. *Stinett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002). Although the Court construes all facts in the light most favorable to the Plaintiff, he still has to provide evidence of specific facts that establish a genuine issue for trial. Fed. R. Civ. P. 56(e). Rule of Evidence 901(a) provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." This rule "requires only a prima facie showing of genuineness." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). Evidence can be authenticated in various ways, including by affidavit and distinctive characteristics. *See* Fed. R. Evid. 901(b) (providing examples of authentication or identification by "way of illustration only, and not by way of limitation").

The Defendants have failed to establish that the evidence presented by the Plaintiff contains inadmissible content. As to the Defendants' assertion that parts of the Plaintiff's submissions contain unauthenticated documents and hearsay, the Defendants have failed to show

that the content of the Plaintiff's submissions is inadmissible. Although the Defendants reference specific paragraphs and pages of Exhibit 15, they simply list paragraphs and make conclusory statements about the admissibility of the paragraphs, which is inadequate to show the grounds supporting their Motion to Strike. Even if the evidentiary materials included in the Plaintiff's exhibits are not properly authenticated at this time, that does not render their content inadmissable for consideration on summary judgment.

The Defendants' other ground for their Motion to Strike is the Plaintiff's failure to follow Local Rule 56.1, which states in its relevant parts:

> Any party opposing the motion [for summary judgment] shall, within twenty-eight (28) days from the date such motion is served upon it, serve and file any affidavits or other documentary material controverting the movant's position, together with a response that shall include in its text or appendix thereto a "Statement of Genuine Issues" setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

The Court has discretion to strike submissions that do not conform to the local rules. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) ("[A] district court has broad discretion to require strict compliance with Local Rule 56.1.") (citing *Koszola v. Bd. of Educ. of City of Chic.*, 385 F.3d 1104, 1109 (7th Cir. 2004)). The Plaintiff submitted a Response as well as Plaintiff's Memorandum of Law Against Summary Judgment. The Plaintiff did not file anything titled Statement of Genuine Issues, but his Response to the Defendants' Motion for Summary Judgment cited to evidentiary materials and it appears he attempted to provide a Statement of Genuine Issues to the Court. The Plaintiff's Response fulfilled the purpose of a Statement of Genuine Issues in directing the Court's attention to the factual disputes in the case that make granting summary judgment to the

Defendants improper. The Defendants are correct that "[t]he Court does not have an obligation to search the record for evidence that is potentially relevant to the summary judgment motion." (ECF No. 48 at 8) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003)). However, considering that the Plaintiff is proceeding pro se in this matter, the Plaintiff's filings do not deviate significantly enough for the Court to exercise its discretion and grant the Defendants' Motion to Strike.[4]

**B.     Motion for Summary Judgment**

The Defendants argue that the Plaintiff's claim is barred by the doctrines of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion) and the applicable Indiana statutes of limitations. The Plaintiff responds that his case could be heard in state and federal court and that he filed his claims within the limitations period.

**1.     *Statute of Limitations***

The Defendants argue that the Plaintiff's § 1983 claim is time barred because all of his alleged injuries occurred prior to the earliest applicable date under the statute of limitations. The Plaintiff responds by emphasizing that his termination date was July 14, 2005.

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 is determined by the statute of limitations for personal injury actions in the state where the incident occurred. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Here, the Plaintiff alleges that the Defendants violated his constitutional rights in Indiana. Thus, any claim arising

---

[4] The Defendants also assert that the Plaintiff did not serve them with Exhibits 1–14. Given that the Court will grant the Defendants' Motion for Summary Judgment, any potential prejudice as a result of the Plaintiff's omission is a moot point.

out of the alleged violations of his federal rights had to be filed within Indiana's two-year statute of limitations for personal injuries. *See id.* (applying Indiana Code § 34-11-2-4, Indiana's two-year statute of limitations for personal injuries).

Determining when the Plaintiff's claim accrued is an issue of federal law, and under federal law, § 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). To determine the date when a claim accrued, courts consider (1) the injury, and (2) the date on which the plaintiff could have sued for that injury. *Id.* In the employment termination context, a plaintiff's claim does not necessarily arise on the date his job is terminated because a court must consider a plaintiff's discovery of the wrong that injured the plaintiff in addition to the adverse action by a defendant. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Additionally, the continuing violation doctrine applies in § 1983 cases. *See Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1036 n.18 (7th Cir. 2003) (citing *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)); *see also Turner v. The Saloon, Ltd.*, 595 F.3d 679, 684 (7th Cir. 2010) (observing that the statute of limitations applies differently depending on whether the plaintiff is asserting a claim for a discrete act of employment discrimination or for a hostile work environment). In the events leading up to an injury, a defendant may commit multiple alleged violations that culminate when a plaintiff is last injured, thus setting the last injury date as the relevant date for a statute of limitations inquiry. *See Kovacs v. United States*, 614 F.3d 666, 675–76 (7th Cir. 2010) ("'The continuing violation doctrine allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period.' . . . 'It is thus a doctrine not about a continuing, but about a cumulative, violation.'") (quoting

*Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999); *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008)).

The Defendants argue that all of the alleged constitutional violations occurred prior to, but did not include, the Plaintiff's termination. The Defendants argue that the Plaintiff's claim accrued on June 24, 2005, when he had a hearing before the merit board. However, this hearing date before the merit board does not serve as an accrual date because the merit board did not issue an adverse determination on that date and there was no injury to the Plaintiff on that date. *See Hileman*, 367 F.3d 694, 696 (7th Cir. 2004). The Court finds that the Plaintiff's claim accrued on July 14, 2005, the date the merit board terminated his employment. This is the date of the injury and the date when the Plaintiff knew or should have known of the injury. Therefore, the Plaintiff could file his § 1983 claim up to and including July 14, 2007, which he satisfied by filing his Complaint on July 13, 2007.

### 2. *Issue Preclusion*

Federal courts give full faith and credit to state judicial proceedings, 28 U.S.C. § 1738, and afford state judicial proceedings the same preclusive effect as they would have in state court, *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980). Given that the Plaintiff already litigated potential violations under the Indiana Police Code, the Court must determine whether the doctrine of issue preclusion bars the re-litigation of any issues as grounds for a § 1983 claim. In Indiana, "collateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit." *Sullivan v. American Cas. Co. of Reading, Pa.*, 605 N.E.2d 134, 137 (Ind. 1992). Indiana allows the practice of non-mutual defensive collateral estoppel, which

means that a defendant can preclude a plaintiff from raising the same issue from an earlier litigation, even though the defendant was not part of the earlier litigation. *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 n.3 (Ind. 1996) (explaining non-mutual defensive collateral estoppel).[5] Before allowing a defendant to assert collateral estoppel, a court must consider "whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances of the particular case to apply collateral estoppel." *Id.* (citing *Tofnay v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1038 (Ind. 1993)).

The Plaintiff envisions the Police Code, Ind. Code § 36-8-10-11, as providing some basis for his § 1983 claim.[6] The Plaintiff is barred by collateral estoppel from litigating any alleged violations of the Indiana Police Code in this action. In this case, the Plaintiff has presented the same facts and the same record to this Court as the Lake County Circuit Court had before it when it decided against the Plaintiff and held that the merit board did not violate the Police Code in case number 45D05-0510-MI-00056. The Plaintiff had a full and fair opportunity to litigate any alleged police code violations in the earlier litigation because it was the only issue before the circuit court. Also, the Court finds no reason why it would be unfair under these circumstances

---

[5] The merit board was a party in the earlier litigation and as to the merit board this defense is mutual defensive collateral estoppel, but as to the other Defendants this defense is non-mutual defensive collateral estoppel.

[6] In his Complaint and Response to the Defendants' Motion for Summary Judgment, the Plaintiff cites the Indiana Open Door Law, Ind. Code §§ 5-14-1-5 *et seq.*, but he fails to develop this claim or come forward with any evidence about how the merit board allegedly violated the Open Door Law. (ECF No. 1 at ¶¶ 11, 41; ECF No. 46 at ¶ 2.) The only exhibit the Plaintiff highlights is a letter from Michael Hurst, a public access counselor, discussing whether there were potential violations of the Open Door Law in January 2004. Any potential claim as a result of the January 2004 merit board hearing was time barred well before the Plaintiff filed this case three and a half years later. *See* Ind. Code § 5-14-1.5-7(b) (requiring claims under the Open Door Law to be brought within thirty days of the act complained of or when a plaintiff should have known the act complained of occurred); *King*, 201 F.3d at 913 (applying a two year statute of limitation to § 1983 claims brought in Indiana—to the extent the Plaintiff was attempting to raise a Open Door Law issue as a basis for his § 1983 claim). The Court will not further consider the Indiana Open Door Law in ruling on the Defendants' Motion for Summary Judgment. *See Sundvall v. City of Shelbyville*, No. 1:07-CV-1557, 2008 WL 445237, at *2 n.1 (S.D. Ind. Sept. 30, 2008) (refusing to consider the Indiana Open Door Law where the plaintiffs merely cited it in their complaint but failed to develop the issue).

to apply collateral estoppel as to the alleged violation of the Police Code. Therefore, the Defendants will prevail on summary judgment as to the Indiana Police Code ground for the Plaintiff's § 1983 claim.

### 3. *Federal Constitutional Rights*

In order to defeat summary judgment on his § 1983 claim against the Defendants,[7] the Plaintiff must show a triable issue on whether there was a policy or custom that led to his alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Municipalities and other local government units are included in the persons to whom § 1983 liability applies. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029 (7th Cir. 2006) (citing *Monell*, 436 U.S. at 690). A "municipality

---

[7] The Plaintiff's § 1983 claim does not appear to include any allegation against Sheriff Dominguez or Chief Kuyachich in their individual capacities. Given that the Plaintiff's claim is based on the termination of his employment, which is an official act, it is not surprising that the Plaintiff would not present an individual capacity theory. *See Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009) (discussing § 1983 liability in suits against defendants in their individual capacities); *see also Guzman v. Sheahan*, 495 F.3d 852, 860 (7th Cir. 2007) ("[A] complaint that does not make clear that it is brought in an individual capacity will be construed as having been brought only in an official capacity.") (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) ("In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only.")). Consequently, the Court construes the Plaintiff's claim against Defendants Dominguez and Kuyachich as an official capacity claim. When a plaintiff sues local government officers in their official capacity, courts consider the claim the same as if it was against the local government entity itself. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (citing *Guzman*, 495 F.3d at 856). Therefore, the Plaintiff's claim against Sheriff Dominguez and Chief Kuyachich is the same claim as against the rest of the Defendants and is dismissed as redundant. *Kentucky v. Graham*, 473 U.S. 159, 165–66, (1985) (holding that official capacity claims are actually claims against the governmental entity for which the individuals work).

cannot be held liable under § 1983 on a respondeat superior theory." *Id.* (citing *Monell*, 436 U.S. at 691). Municipalities can only be held liable for such violations if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. An unconstitutional policy or custom may take the following forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008) (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 595 (7th Cir. 2003)).

The Plaintiff's Complaint is unclear regarding which constitutional rights he alleges were violated. Liberally construed, the Plaintiff alleges that the Defendants violated his equal protection, due process, and First Amendment rights. The allegations of equal protection and due process violations appear only in his discussion of the alleged violations of the Police Code, which the Court has already determined is precluded from review in this case by the doctrine of issue preclusion. Even if the Court were to consider the Plaintiff's equal protection and due process allegations he has failed to come forward with evidence or show a tirable issue of fact to defeat summary judgment. The Plaintiff has not presented any evidence that his employment termination was based on his race or some other suspect classification. *Abcarian v. McDonald*, 617 F.3d 931, 938 (7th Cir. 2010). Also, to the extent that the Plaintiff's equal protection allegations raise a class-of-one theory, the Seventh Circuit has foreclosed this theory in the public employment context. *Id.* at 939 ("a 'class-of-one' theory of equal protection has no place in the public employment context.") (quoting *Engquist v. Oregon Dep't of Agriculture*, 553 U.S.

591, 607 (2008)). As to the Plaintiff's due process allegations, he has failed to show a protectable interest in continued employment or a state law, other than the law he is precluded from asserting. *See Palka v. Shelton*, — F.3d —, —, No. 08-4245, 2010 WL 3911340, at *3 (7th Cir. Oct. 7, 2010) ("A property interest in continued employment 'can be created in one of two ways, 1) by an independent source such as state law securing certain benefits; or 2) by a clearly implied promise of continued employment.'") (quoting *Phelan v. City of Chi.*, 347 F.3d 679, 681 (7th Cir. 2003)).

For his First Amendment allegations, the Plaintiff argues that the Defendants deprived him of his constitutional rights by taking disciplinary action against him because of his political involvement. The Plaintiff has shown no express policy that when enforced caused a constitutional deprivation. Also, the Plaintiff has provided no evidence of a widespread practice that could constitute a policy or custom with the force of law. The only possible form of policy or custom that the Plaintiff may present is that the Defendants had final policy-making authority. Whether a person has policy-making authority is an issue of state and local law. *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (citing *Campion, Barrow & Assocs. v. City of Springfield, Ill.*, 559 F.3d 765, 769 (7th Cir. 2009)). Indiana law provides that the merit board has policy-making authority to make termination decisions. Ind. Code § 36-8-10-11. To establish a First Amendment claim against the merit board based on retaliation, a plaintiff must prove that his protected actions "'[were] the reason' that the employer decided to act." *Waters*, 580 F.3d at 584 (quoting *Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2350 (2009)). The Plaintiff has come forward with no evidence that his political activities influenced or caused the merit board's determination to terminate his employment. The most that the Plaintiff does is assert that Chief Kuyachich had a retaliatory motive because of the Plaintiff's political activities, but the Plaintiff

13

does not present any evidence to support this allegation. *See Waters*, 580 F.3d at 584–86 (discussing a municipality's potential liability under the ratification theory if a municipality ratifies a subordinate's improper action). The only evidence before the Court regarding the merit board's determination shows that the board terminated the Plaintiff's employment because he was involved in altercations and engaged in harassment and that these incidents formed the factual basis for the charges against him. The Plaintiff has not disputed the evidence and facts underlying these charges or come forward with any contradictory evidence. The Court finds that the Plaintiff has neither presented evidence establishing a policy or custom that led to a constitutional deprivation, nor shown a triable issue on his § 1983 claim. Consequently, the Defendants are entitled to judgment as a matter of law.

## CONCLUSION

The Court DENIES the Defendants' Joint Motion to Strike [ECF No. 47] and GRANTS the Defendants' Joint Motion for Summary Judgment [ECF No. 40]. The Court VACATES the Telephonic Status Conference set for November 15, 2010. The Court DIRECTS the Clerk to enter judgment in favor of the Defendants.

SO ORDERED on November 10, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION